UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICHARD W MYERS, individually, JASON FERNANDES, individually, and on behalf of all others similarly situated,<br><br>       *Plaintiffs*,<br><br>*v.*<br><br>PROSPECTS DM INC., an Ohio corporation,<br><br>       *Defendant.* | No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Richard W Myers ("Plaintiff Myers" or "Myers") and Plaintiff Jason Fernandes ("Plaintiff Fernandes" or "Fernandes") bring this Class Action Complaint and Demand for Jury Trial against Defendant Prospects DM Inc. ("Defendant" or "Prospects DM") to stop the Defendant from violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act. The Plaintiffs also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Myers and Plaintiff Fernandes, for this Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**PARTIES**

1.      Plaintiff Myers is a resident of Roseville, California.

2.      Plaintiff Fernandes is a resident of Seffner, Florida.

3.      Defendant Prospects DM is an Ohio corporation headquartered in North Ridgeville, Ohio.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5.      This Court has personal jurisdiction over the Defendant because the Defendant is headquartered in this District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is headquartered in this District, does business in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

7.      As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's

representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at \*5 (U.S. July 6, 2020).

8.    When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.    By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.    The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.    According to online robocall tracking service "YouMail," 5.1 billion robocalls were placed in May 2023 alone, at a rate of 164 million per day. www.robocallindex.com (last visited June 7, 2023).

12.    The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

14.    "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15.    Defendant Prospects DM operates call centers that place calls on behalf of companies performing lead generation.[3]

16.    Prospects DM operates using the fictitious name Support First:

/

/

/

/

/

/

/

/

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://prospectsdm.com/bpo-services/

Form 523A Prescribed by:

**Frank LaRose**
*Ohio Secretary of State*

Date Electronically Filed: 3/21/2023

Toll Free: 877.767.3453  |  Central Ohio: 614.466.3910
OhioSoS.gov  |  business@OhioSoS.gov
File online or for more information: OhioBusinessCentral.gov

## Renewal of Trade Name or Fictitious Name Registration
### Filing Fee: $25
### Form Must Be Typed

**(CHECK ONLY ONE (1) BOX)**

| ☐ Renewal of Trade Name (172-RNR) | ☑ Renewal of Fictitious Name (159-NFR) |
|---|---|
| Reg. No. [blank] | Reg. No. 4206253 |

Trade Name or Fictitious Name to be Renewed: **SUPPORT FIRST**

Name of Registrant Renewing Name: **PROSPECTS DM INC.**

Registrant's Entity Number (if registered with Ohio Secretary of State): 2407916 [4]

17.     Prospects DM is open about the cold calls it places to consumers. On the prospectsdm.com website, Defendant references cold calling as a service it offers its clients.



Our specialists can work from your customer database or from cold call sheets, depending on your directions and circumstances. The scripts for your lead generation campaigns are customized by you, so you are always represented in the way you want to be. [5]

---

[4] https://bizimage.ohiosos.gov/api/image/pdf/202307410802
[5] https://prospectsdm.com/lead-generation-services-landing/

18.     As a result of its cold calling practices, consumers like Plaintiff Myers and Plaintiff Fernandes are receiving unsolicited calls to their residential phone numbers, despite have those phone numbers registered on the DNC.

19.     Prospects DM places calls to consumers using an autodialer, as per Plaintiff Ferndandes' experience:

### Our Outbound Services

Prospects DM has dedicated a large part of our infrastructure to provide our client's with the most state of the art predictive dialing systems.

**We use interactive scripting tools to enhance our agents' ability to drive sales and retain customers.**

Our recording abilities combined with live-real time monitoring coupled with our tracking systems, enables our clients' to have instant information about their accounts. We want to give your customers' the experience that only Prospects DM can provide.

We are committed to providing the highest quality, most compliant and secure **outbound solutions** in the industry.[6]

20.     Consumers have voiced their complaints online about unsolicited calls that they received from Defendant Prospects DM, including complaints that Defendant received directly through Google.com, including:

- "Wish I could give negative stars. Will not stop calling. I'm turning them into BBB. There is no way that this is not a scam. If you get a call from I strongly advise that you as well report them to the BBB too"[7]

- "They won't quit calling my number and they're really annoying"[8]

- "Company is totally a scam. Block number they keep calling. What part of FO don't they get. Minus5 is a better review for a nothing Cmpany that does nothing but collect personal information and sell it"[9]

---

[6] https://prospectsdm.com/outbound-solutions/
[7] https://www.google.com/search?q=%22prospectsdm
[8] *Id.*
[9] *Id.*

- "I'm sick of being called 7 times a day. I block the number they change numbers they call from...GET THE HINT I DONT NEED YOUR SERVICES LEAVE ME ALONE"[10]

- "I keep getting telemarket calls from this cheesy business. They will not stop calling, even though I have asked them politely to stop. Now I just don't answer if I see their name on the caller ID, or I hang up if the call gets accidentally picked up. I tried blocking the calls but they just change numbers where they are calling from. Totally unprofessional."[11]

- "Obvious scam. Even if you block the number, they just use another one. I've blocked four different numbers they've used."[12]

- "This business keeps calling, I keep blocking but I continue to gets and block calls. I want them investigated!"[13]

- "Will not quit calling not matter what you do. Scam!"[14]

- "I'm pretty sure this place isn't what it appears. Spam calls out the wazzoo!"[15]

- "Won't quit calling aggregating"[16]

- "Just ANNOYING SCAM CALLS"[17]

21.     Robokiller.com, a telemarketing report website shows that Defendant Prospects DM is placing thousands of telemarketing calls. The website shows that 5,788 telemarketing calls were placed by Defendant using 806-542-4996 alone, a phone number Defendant used to call Plaintiff Myers:

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

| | |
|---|---|
| Alternately: | **+18065424996** |
| Reported Name: | **Telemarketer** |
| Reported Category: | **Telemarketer** |
| Last call: | **13 hours ago** |
| Total Calls: | **5,788** |
| Robokiller User Reports: | **17** [18] |

22.     In response to these calls, Plaintiff Myers and Plaintiff Fernandes bring forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF MYERS'S ALLEGATIONS

23.     Plaintiff Myers registered his residential cell phone number on the DNC on September 23, 2017.

24.     Plaintiff Myers uses his cell phone number for personal use only as one would use a landline telephone number in a home. He does not own a landline phone number.

25.     The calls that Plaintiff received from Defendant Prospects DM were all received more than 31 days after Plaintiff registered his number on the DNC.

---

[18] https://lookup.robokiller.com/p/806-542-4996

26.     In April of 2023, Plaintiff began receiving unsolicited telemarketing calls from Defendant using the company name Support First.

27.     The calls that Plaintiff received all display the caller ID name Prospects DM.

28.     Plaintiff Myers received at least 9 unsolicited calls from Defendant Prospects DM to his cell phone just on April 19, 2023.

29.     Defendant called Plaintiff Myers from the following phone numbers: 806-542-4996, 208-213-3822, 240-201-7369, 218-297-5641 and 508-570-9760.

30.     Plaintiff Myers answered a call from Defendant Prospects DM on April 19, 2023. The purpose of the call was to solicit him on purchasing life insurance.

31.     Plaintiff told the employee not to call his cell phone number, but he still received additional telemarketing calls from Defendant.

32.     Plaintiff Myers has never done business with Prospects DM.

33.     Plaintiff Myers was not looking to get an insurance quote for any kind of insurance.

34.     Frustrated by the calls that he received, Plaintiff Myers had his attorneys send a demand for consent letter to Prospects DM. The letter was sent out by email to info@prospectsdm.com on April 19, 2023 at 4:15 PM.

35.     As of the time of filing this case, Plaintiff's attorneys have received no response from Prospects DM.

36.    The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Myers in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

## PLAINTIFF FERNANDES' ALLEGATIONS

37.    Plaintiff Fernandes registered his cell phone number on the DNC on May 7, 2019.

38.    Plaintiff Fernandes has a cell phone number that begins with an 813 area code which is a Florida area code.

39.    Plaintiff Fernandes is a veteran who receives healthcare at no cost. He has not been looking to purchase an insurance plan at all.

40.    In approximately April of 2023, Plaintiff Fernandes began receiving unsolicited calls from Defendant Prospects DM using the name Support First.

41.    Plaintiff Fernandes has repeatedly told Defendant's employees to stop calling his cell phone number. He has even screamed and yelled for the calls to stop, but despite all his stop requests, the calls have continued.

42.    For example, on June 8, 2023 at 1:04 PM, Plaintiff Fernandes received an unsolicited autodialed call from Defendant Prospects DM to his cell phone from phone number 813-761-9468.

43.     When Plaintiff Fernandes answered this call, there was a brief pause before a live agent came on the line, identifying the company name as Support First. The brief pause indicates the use of an autodialer. The purpose of the call was to provide an insurance quote.

44.     Plaintiff told the employee to stop calling and hung up.

45.     Despite this stop request, Defendant called Plaintiff Fernandes back right away, again at 1:04 PM on June 8, 2023 and again from 813-761-9468. After the employee came on the line and stated the same company name with the same purpose of the call, Plaintiff Fernandes hung up.

46.     On June 13, 2023 at 5:48 PM, Plaintiff Fernandes received another unsolicited call to his cell phone from Defendant Prospects DM, again from 813-761-9468.

47.     When Plaintiff Fernandes answered this call, there was a brief pause, indicating the use of an autodialer, before a live agent came on the line, identifying the company name as Support First. The purpose of the call was to provide an insurance quote.

48.     Plaintiff told the employee to stop calling and the employee hung up.

49.     Frustrated by the calls that he received, Plaintiff Fernandes had his attorneys send a demand for consent letter to Prospects DM. The letter was sent out by email to info@prospectsdm.com on June 14, 2023.

50.    Prospects DM has not responded to the demand for consent letter.

51.    The unauthorized solicitation telephone calls that Plaintiff Fernandes received from or on behalf of Defendant have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

52.    Seeking redress for these injuries, Plaintiff Myers and Plaintiff Fernandes, on behalf of themselves and Classes of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS

53.    Plaintiff Myers and Plaintiff Fernandes bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), as well as Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) and seek certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) soliciting insurance.

> **Florida Autodial Class:** All persons in Florida, who, on or after July 1, 2021, (1) received a phone call from Defendants' soliciting insurance, (2) using the same equipment or type of equipment utilized to call Plaintiff Fernandes.

> **Florida Do Not Call Stop Class:** All persons in Florida, who, on or after July 1, 2021, (1) received a phone call from Defendant soliciting

insurance, (2) at least once after the person requested that they stop calling.

54.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Myers and Plaintiff Fernandes anticipate the need to amend the Class definitions following appropriate discovery.

55.    **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiffs are members of the Classes.

56.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant placed multiple calls to Plaintiff Myers and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(b)     whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(c)     whether Defendant placed calls to Plaintiff Fernandes and members of the Florida Autodial Class using an autodialer that automatically selects and dials phone numbers;

(d)     whether the calls constitute a violation of the TCPA;

(e)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

57.     **Adequate Representation**: Plaintiff Myers and Plaintiff Fernandes will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Myers and Plaintiff Fernandes have no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to the Plaintiffs. Plaintiff Myers, Plaintiff Fernandes and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so.

Neither Plaintiff Myers, Plaintiff Fernandes, nor their counsel have any interest adverse to the Classes.

58.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Myers and Plaintiff Fernandes. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Myers and the Do Not Call Registry Class)**

59.     Plaintiff Myers repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

60.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

61.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

62.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Myers and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

63.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Myers and

the Do Not Call Registry Class received more than one telephone call in a 12-month period made by Defendant in violation of 47 C.F.R. § 64.1200, as described above.

64.     As a result of Defendant's conduct as alleged herein, Plaintiff Myers and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

65.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## SECOND CLAIM FOR RELIEF
### Violation of the Florida Telephone Solicitation Act,
### (Fla. Stat. § 501.059)
### (On Behalf of Plaintiff Fernandes and the Autodial Class)

66.     Plaintiff Fernandes repeats and realleges paragraphs 1 through 58 of this Complaint and incorporates them by reference herein.

67.     Plaintiff Fernandes brings this claim individually and on behalf of the Autodial Class Members against the Defendant.

68.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent

of the called party." Fla. Stat. § 501.059(8)(a).

69.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

70.    The Defendant failed to secure prior express written consent from Plaintiff Fernandes and members of the Autodial Class.

71.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff Fernandes and the Autodial Class members without Plaintiff's and the Class members' prior express written consent.

72.    Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff Fernandes and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

73.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff Fernandes and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff Fernandes and the Class members are also entitled to an injunction against future calls. *Id.*

## THIRD CLAIM FOR RELIEF
### Violation of the Florida Telephone Solicitation Act,
### (Fla. Stat. § 501.059)
### (On Behalf of Plaintiff Fernandes and the Florida Do Not Call Stop Class)

74.     Plaintiff Fernandes repeats and realleges paragraphs 1 through 58 of this Complaint and incorporates them by reference herein.

75.     Plaintiff Fernandes brings this claim individually and on behalf of the FTSA Stop Request Class Members against Defendant.

76.     The FTSA prohibits "a telephone solicitor or other person" from initiating "an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission, made by or on behalf of the seller whose goods or services are being offered." Fla. Stat. § 501.059(5)(a).

77.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

---

78.    In violation of the FTSA, Defendant initiated multiple outbound solicitation calls to Plaintiff Fernandes, and other members of the FTSA Stop Request Class, who had previously communicated to Defendant that they did not wish to receive any solicitation calls from or on behalf of Defendant.

79.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff Fernandes and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff Fernandes and the Class members are also entitled to an injunction against future calls. *Id.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Myers and Plaintiff Fernandes, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Classes as defined above; appointing the Plaintiffs as the representatives of the Classes; and appointing their attorneys as Class Counsel;

b)  An award of money damages and costs;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)  An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e)  Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Myers requests a jury trial.

> **RICHARD W MYERS**, individually,
> **JASON FERNANDES**, individually, and
> on behalf of all others similarly situated,

DATED this 10th day of September, 2023.

> By: /s/ *Brian T. Giles*
>
> Brian T. Giles (0072806)
> Giles & Harper, LLC
> 7243 Beechmont Avenue,
> Cincinnati, Ohio 45230
> Telephone: (513) 379-2715
> bgiles@gilesharper.com
>
> Avi R. Kaufman*
> kaufman@kaufmanpa.com
> KAUFMAN P.A.
> 237 South Dixie Highway, Floor 4
> Coral Gables, FL 33133
> Telephone: (305) 469-5881
>
> * *Pro hac vice forthcoming*
>
> *Attorneys for Plaintiff and the putative*
> *Classes*